**UNITED STATES of America, Appellee,**

v.

**PRO–AG, INC.; Spencer W. Landswerk, Appellants.**

**No. 91–3313.**

United States Court of Appeals, Eighth Circuit.

Submitted June 8, 1992.

Decided July 1, 1992.

Paul A. Sortland, Minneapolis, Minn., argued, for appellants.

Denise M. Zavagno, F.D.A., Rockville, Md., argued, Mary J. Atmore, Asst. U.S. Atty., Minneapolis, Minn., appeared on brief, for appellee.

Before WOLLMAN, Circuit Judge, BRIGHT and ROSS, Senior Circuit Judges.

BRIGHT, Senior Circuit Judge.

Pro–Ag, Inc. (Pro–Ag), a Minnesota corporation, serves as the exclusive marketing distributor for whey[1]-based products, manufactured by Impro Products, Inc. (Impro), a corporation located in Waukon, Iowa. Those products carry the names IMPRO FIRST FOOD n/k/a FIRST FORMULA; IMPRO 2ND FOOD n/k/a 2ND FORMULA; DAIRY FOOD n/k/a DAIRY FORMULA; IMPRO MBA WHEY BLEND; IMPRO PBA WHEY BLEND; IMPRO COUNTDOWN; and IMPRO UTERINE C.A.R.E. The United States, on behalf of the Food and Drug Administration (FDA), in an action for injunctive relief against Pro–Ag and its president, Spencer W. Landswerk, obtained a summary judgment enjoining defendants from marketing these products in interstate commerce.

Pro–Ag and Landswerk appeal, contending that the district court[2] erred by failing to determine that these products constituted "animal biologics," under the exclusive jurisdiction of the United States Department of Agriculture (USDA), pursuant to the Virus, Serum and Toxin Act of 1913 (VSTA), 21 U.S.C. §§ 151, et seq. (1988).

 We affirm the district court. The record establishes, without dispute, that defendants' promotional literature shows that these products are intended to alter the structure or function of the body of animals by improving feed efficiency and increasing milk production and, thus, are drugs under the applicable law. Dist.Ct.Order 796 F.Supp. 1219, 1227 (D.Minn.1992); Appellee's App. at B60, B94–97. Further, without dispute, the products have never been approved as animal drugs and, therefore, they may not be sold interstate without such approval under section 331(a) of the Federal Food, Drug, and Cosmetic Act (FDCA). 21 U.S.C. § 331(a) (1988).

On appeal, defendants claim that the FDA lacks jurisdiction over the products in question, because they are biologics, under the exclusive jurisdiction of the USDA, according to the VSTA. This claim lacks merit. In the trial record, the defendants denied that the questioned products are intended for use in the diagnosis, treatment or prevention of disease, thus, they do not come within the regulations under the VSTA.[3] Further, defendants have in no

1. "[T]he serum or watery part of milk containing sugar, minerals, and lactalbumin that is separated from the thicker or more coagulable part or curd esp. in the process of making cheese." Webster's Third New International Dictionary (1966) (unabridged).

2. The Honorable David S. Doty, United States District Judge for the District of Minnesota, Fourth Division.

3. 9 C.F.R. § 101.2(w) (1991) defines animal biologics to be:

all viruses, serums, toxins, and analogous products of natural or synthetic origin, such as diagnostics, antitoxins, vaccines, live microorganisms, killed microorganisms and the antigenic or immunizing components of microorganisms intended for use in the diagnosis, treatment, or prevention of diseases of animals.

Landswerk, president of Pro–Ag, in his affidavit to the district court stated that: "No claims are currently made that the products can be used in the diagnosis, cure, mitigation, treatment, or prevention of disease." Landswerk Aff. dated Dec. 14, 1990.

way brought the products in question into compliance with the VSTA, so as to avoid the regulatory jurisdiction of the FDA.[4]

■ Moreover, even if the products could be classified as animal biologics, "[i]t is also clear that all animal biologics, whether interstate or intrastate, are within the literal definition of 'drug' in FDA's governing statute, the Food, Drug, and Cosmetic Act of 1938," thus, animal biologics may be subject to regulation by the FDA, under appropriate circumstances. *See Grand Labs., Inc. v. Harris,* 660 F.2d 1288, 1289, 1292 (8th Cir.1981), *cert. denied, Grand Labs., Inc. v. Schweiker,* 456 U.S. 927, 102 S.Ct. 1972, 72 L.Ed.2d 442 (1982).

The district court concluded, as to five products, COUNTDOWN, MBA WHEY BLEND, PBA WHEY BLEND, UTERINE C.A.R.E. and FIRST FORMULA:

> Under 21 U.S.C. § 321(g)(1)(C) a product is a "drug" if it is intended to affect the "function of the body of man or other animals." One of a dairy cow's primary functions is to produce milk. If a product is aimed at increasing a cow's milk production, it is necessarily intended to affect that cow's "function." Similarly, a dairy cow's production of milk is dependent on its consumption of feed. If a product aims at altering the amount of feed a cow requires to produce a certain amount of milk, that product necessarily affects the "function" of that cow.

796 F.Supp. 1219, 1227 (D.Minn.1992).

The district court indicated that the definition of drug applies to the five products because they "are designed and intended to be applied directly to dairy cows and change the functions of the cows." *Id.* at 1227. Defendants concede, in their brief to this court, that "as held by the District Court, all of the products distributed by Pro–Ag fall within the broad definition of § 321(g)(1)(C)." Appellants' Br. at 14.

The district court then characterized COUNTDOWN, MBA WHEY BLEND, PBA WHEY BLEND, UTERINE C.A.R.E. and FIRST FORMULA as "new animal drugs," under FDCA § 321(w), because they are not generally recognized by qualified experts as safe and effective for their labeled indications. Further, Pro–Ag failed to file and obtain approval of a new animal drug application, pursuant to FDCA § 360b. Therefore, the district court concluded that the products are new animal drugs, which are unsafe under FDCA § 360b(a)(1), adulterated under FDCA § 351(a)(5), and prohibited from interstate commerce by FDCA § 331(a).

Finally, the district court concluded:

> It is undisputed that defendants delivered through interstate commerce the five Impro products. Because the five Impro products are adulterated new animal drugs, defendants have violated 21 U.S.C. § 331(a).

The final issue the court must address is whether an injunction is a proper remedy for a violation of 21 U.S.C. § 331(a). 21 U.S.C. § 332(a) provides in pertinent part:

> The district courts of the United States and the United States courts of the Territories shall have jurisdiction, for cause shown, and subject to the provisions of § 381 (relating to notice to opposite party) of Title 28, to restrain violations of § 331 of this title.

796 F.Supp. 1219, 1231 (D.Minn.1992).

Accordingly, the district court enjoined Pro–Ag, pursuant to FDCA § 332(a), from introducing the five products into interstate commerce.

Initially, the district court denied injunctive relief as to SECOND FORMULA and DAIRY FORMULA, stating that "after considering the promotional materials

---

**4.** 21 C.F.R. § 510.4 (1991) only exempts drugs that conform to the VSTA from FDA regulation. Section 510.4 states that:

> An animal drug produced and distributed in full conformance with the animal virus, serum, and toxin law of March 4, 1913 (37 Stat. 832; 21 U.S.C. 151 et seq.) and any regulations issued thereunder shall not be deemed to be subject to section 512 of the Federal Food, Drug, and Cosmetic Act [21 U.S.C. § 360b].

which the parties agree are still in use for SECOND FORMULA and DAIRY FORMULA, the plaintiff has failed definitely to prove that those products are drugs as that term is defined in 21 U.S.C. § 321(g)(1)." 796 F.Supp. 1219, 1228 (D.Minn.1992). On reconsideration and further review of the evidence, the district court concluded that SECOND FORMULA and DAIRY FORMULA were drugs, under 21 U.S.C. § 321(g)(1)(C). Pursuant to 21 U.S.C. § 332(a), the district court additionally enjoined defendants from introducing these two products into interstate commerce. 796 F.Supp. 1219 (D.Minn.1992).

In sum, we reject appellants' belated jurisdictional arguments made on this appeal and affirm on the basis of the well-reasoned opinions of the district court, as published at 796 F.Supp. 1219 (D.Minn.1992).

Further, since appellants have not prevailed, we deny their request for costs and fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (1988).